# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JAMES TERRY HENRY, # 193563**                                             **PLAINTIFF**

**v.**                                                   **CAUSE NO. 1:17CV165-LG-RHW**

**MS. CATHLEEN**                                                                       **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff James Terry Henry initiated this action on May 30, 2017. At the time, he was incarcerated with the Mississippi Department of Corrections.

On August 25, 2017, the Court ordered Henry to sign his Response [10] to the Order Requiring Plaintiff to Respond [9], by September 8. Receiving nothing further, on September 25, the Court entered the Order to Show Cause [13]. The Court ordered Henry to show cause, by October 10, why this case should not be dismissed for failure to obey the Court's prior Order [12]. When Henry still did not comply, the Court then entered the Second Order to Show Cause [15], on October 24, giving Henry one last chance to comply.

All Orders were mailed to Henry's address of record. The Order to Sign [12] was not returned as undeliverable. However, both Orders to Show Cause were returned to the Court. The latest returned envelope indicates that Henry has been released. To date he has not signed his Response, provided a change of address, or otherwise contacted the Court. The Court has warned Henry that failure to

comply, including keeping the Court apprised of his address, may result in this case being dismissed.  (2d Order to Show Cause [15] at 1-2); (Order to Show Cause [13]); (Order to Sign [12]); (Order Requiring Pl. to Respond [9]); (Order Setting Payment Schedule [8] at 3); (Order [4] at 2); (Order at [3] at 2).  It is apparent from Henry's failure to comply or otherwise communicate with the Court that he lacks interest in pursuing this claim.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  *Id*. at 629-30.  Since Defendant has never been called upon to respond to the Complaint nor appeared in this action, and since the Court has not considered the merits of the claims, the case is dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and obey the Court's Orders.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 21st day of November, 2017.

                                                          s/ *Louis Guirola, Jr.*
                                                          LOUIS GUIROLA, JR.
                                                          UNITED STATES DISTRICT JUDGE